**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4102**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KRISTOPHER SETH DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Senior District Judge. (1:15-cr-00033-IMK-MJA-1)

Submitted: August 23, 2018                          Decided: September 5, 2018

Before NIEMEYER and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant. William J. Powell, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kristopher Seth Davis appeals from the judgment revoking his supervised release and imposing a 24-month prison term. Davis argues that this term is plainly unreasonable. We affirm.

"We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise plainly unreasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). In making such a determination, "we strike a more deferential appellate posture than we do when reviewing original sentences." *Padgett*, 788 F.3d at 373 (internal quotation marks omitted). "Nonetheless, the same procedural and substantive considerations that guide our review of original sentences inform our review of revocation sentences as well." *Id.* (internal quotation marks and alteration omitted).

A supervised release revocation sentence is procedurally reasonable if the district court has considered the Sentencing Guidelines' Chapter Seven advisory policy statement range and the 18 U.S.C. § 3553(a) (2012) factors it is permitted to consider in a supervised release revocation case, *see* 18 U.S.C. § 3583(e) (2012); *Padgett*, 788 F.3d at 373, and has adequately explained the sentence chosen, although it need not explain the sentence in as much detail as when imposing an original sentence. *Thompson*, 595 F.3d at 547. "Where the defendant . . . presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the

2

party's arguments and explain why [it] has rejected those arguments." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks and alteration omitted).

A revocation sentence is substantively reasonable if the district court sufficiently states a proper basis for concluding the defendant should receive the sentence imposed. *Id.* Only if we find a revocation sentence unreasonable must we decide whether it is "plainly" so. *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007). A sentence is plainly unreasonable if it is clearly or obviously unreasonable. *Id.*

Davis argues that the 24-month sentence is plainly unreasonable because the district court failed to explain why a sentence within the advisory policy statement range of 3 to 9 months' imprisonment was unwarranted and relied on an improper basis—the need for the sentence imposed to provide just punishment—in concluding he should receive that term. Davis also argues that the district court's rationale for imposing the 24-month term was not "persuasive," and that a less severe prison term with a term of supervised release to follow was the appropriate sentence to impose.

In rejecting Davis' request for a prison term within the policy statement range followed by a term of supervised release, the district court made explicit its reasons for imposing the 24-month term. These reasons included Davis' repeated decisions not to comply with the terms of his supervision, his demonstrated lack of will to live within the boundaries of the terms of his supervision, and the danger to the community posed by its exposure to a recidivist and non-compliant supervisee. These reasons are easily matched to factors appropriate for consideration, namely, the nature and circumstances of Davis'

3

violative conduct, his history and characteristics, the need for the sentence to protect the public, and the sanctioning of Davis' breaches of trust while on release, *see* 18 U.S.C. § 3553(a)(1), (2)(C); U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt. 3(b) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust."), and were tied to Davis' particular situation. The district court adequately explained its rationale for imposing the 24-month term, *see Moulden*, 478 F.3d at 657 (addressing touchstones of a sufficient explanation for a revocation sentence), and relied on proper considerations in doing so. Contrary to Davis' suggestion, the district court did not improperly rely on the need for the sentence imposed to provide just punishment, *see* 18 U.S.C. § 3553(a)(2)(A), in imposing the 24-month term.

Davis' remaining arguments essentially ask this court to substitute its judgment for that of the district court. While this court may have weighed relevant § 3553(a) factors differently had it imposed the revocation sentence, we defer to the district court's decision that a sentence of 24 months' imprisonment achieved the purposes of sentencing in Davis' case. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (explaining that appellate courts "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify" the sentence imposed). In light of the "extremely broad" discretion afforded to a district court in determining the weight to be given each of the § 3553(a) factors in imposing sentence, *see United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011), and the deferential posture we take in reviewing the imposition of a revocation sentence, *Padgett*, 788 F.3d at 373, Davis fails to establish that his 24-month

sentence is unreasonable.  Therefore, we conclude that his sentence is not plainly unreasonable.

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*